**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES** | * | |
| **v.** | * | **Criminal No. LKG-23-cr-00099** |
| **ORIN WAYNE SOLOMON,** *et al.* | * | |

\*　\*　\*　\*　\*　\*　\*　\*　\*

**MOTION FOR CONTINUANCE OF TRIAL & ENLARGEMENT OF PRETRIAL DEADLINES**

Defendants Marquis Al Bey and Orin Solomon respectfully move the Court to grant a continuance of trial in this case and to enlarge the corresponding pretrial deadlines. Defendants submit that good cause for a continuance exists due to several recent developments that will significantly impact Defendants' ability to effectively prepare for trial on November 4, 2025. In support of the motion, Defendants state the following:

1. By Order issued October 29, 2024, ECF No. 103, the Court set this case for a jury trial beginning on November 4, 2025, and set a number of pretrial deadlines.

2. Since October 29, 2024, Mr. Solomon has been proceeding *pro se* in this case. Mr. Solomon has now retained undersigned counsel, Edward Griffin, who entered an appearance in this case on September 2, 2025.

3. The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel, which is compromised when defense counsel lack adequate time to prepare for trial. *See Morris v. Slappy*, 461 U.S. 1, 11–12 (1983). Forcing a defendant to proceed to trial before defense counsel has had a sufficient opportunity to prepare can also violate the right to a fair trial, as protected by the

1

Due Process Clause. *See United States v. LaRouche*, 896 F.2d 815, 823 (4th Cir. 1990). For that reason, a continuance may be required when the complexity of a case, voluminous documentary evidence, and the presence of multiple defendants make it unreasonable to require adherence to a previously imposed trial date. *See, e.g.*, *United States v. Banks*, 761 F.3d 1163, 1181 (10th Cir. 2014) ("'Due to the voluminous discovery, multiple defendants, and complex nature of the allegations in this matter, denying the requested continuance would result in a miscarriage of justice by denying Defendants an adequate opportunity to prepare for trial, despite the exercise of due diligence.'" (quoting district court's order)).

4. The discovery materials produced by the government in this case to date are voluminous (by Defendants' estimation, consisting of more than 135,000 separate documents) and complex. In order to prepare for trial effectively, counsel for Mr. Solomon will need additional time to review and digest the discovery materials. Proceeding to trial on November 4, 2025, would significantly prejudice Mr. Solomon's defense by failing to allow his counsel sufficient time to prepare for trial.  While Mr. Solomon was sent discovery electronically from the government, he was not able to access or download the vast majority of those materials and was only able to provide a handful of documents to defense counsel, because he did not have the software to review the records. Counsel for Mr. Solomon obtained a copy of the government's production on September 5, 2025.

5. Prior to Mr. Solomon's retention of counsel, a number of pretrial deadlines set in the Court's Order issued June 18, 2025, have now passed or are imminent, including the deadline for pretrial motions (May 27, 2025), the deadline for

designating experts (July 8, 2025), and motions *in limine* (September 5, 2025). Mr. Solomon's defense will be prejudiced by the now-lapsed or soon-to-lapse deadlines that may prevent the timely filing of appropriate pretrial motions on his behalf. In particular, if this continuance was granted, then Mr. Solomon, a former college football player, would seek to designate a medical expert to testify that he has been diagnosed with post-concussion syndrome and its effects on his decision-making process.

6. Further, counsel for Mr. Bey, Cynthia Frezzo, is currently on medical leave (and has been on leave for the past three weeks) due to a serious medical issue. It has become clear that Ms. Frezzo will likely miss significant additional time from work this fall due to her medical issue. Ms. Frezzo is a critical piece of Mr. Bey's defense team with significant institutional knowledge of the voluminous discovery in this case. Without Ms. Frezzo's participation in pretrial motions proceedings and trial, Mr. Bey's defense will be significantly and negatively impacted. Should the Court need further details about Ms. Frezzo's medical issue, undersigned counsel is prepared to discuss on a conference call or supplement this filing under seal if necessary.

7. The government has stated that it intends to use an undisclosed number of summary charts on an undisclosed number of topics, but has not provided those charts to the defense, despite the motion *in limine* deadline of September 5, 2025. Given the complexity and breadth of the subject matter likely to be covered in the summary charts, the defense requires sufficient time to check their accuracy and mount any legal challenges to their content well in advance of trial.

8. Counsel for Mr. Bey asked the government to disclose its proposed Rule 1006 summary charts, Rule 107(a) illustrative aids, trial exhibits, and witness lists to the defense at least 45 days in advance of trial, in light of the voluminous amount of discovery. The government proposed an alternative October 10, 2025 production deadline for *drafts* of summary charts and illustrative aids due to current staffing and workforce challenges in the Justice Department. The government indicated that any charts and exhibit lists produced on October 10 would be subject to change.

9. Although Mr. Bey is sympathetic to staffing challenges within the Justice Department, the government's failure to disclose this material prior to the deadline for filing motions *in limine* has already prejudiced Mr. Bey by delaying a final determination of the issues. Further, the government's proposed production date of October 10, 2025 is only three weeks in advance of the Final Pretrial Conference, leaving Mr. Bey with insufficient time to verify the accuracy of the charts and file any necessary motions with sufficient time for the Court's consideration. A continuance would cure this prejudice by allowing the government additional time to prepare and disclose this material to the defense sufficiently in advance of trial.

10. For the reasons stated above, Defendants respectfully submit that a continuance of trial would be appropriate and that the ends of justice served by a continuance would outweigh the best interest of the public and Defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

11. Undersigned counsel respectfully submit that this motion has been made as early

as possible in light of the above referenced developments and is not made for dilatory purposes. *See United States v. Badwan*, 624 F.2d 1228, 1231 (4th Cir. 1980).

12. Counsel for the government declined to consent to this motion.

WHEREFORE, for the foregoing reasons, Defendants move the Court to continue the trial and enlarge the corresponding pretrial deadlines.

Respectfully submitted,

JAMES WYDA
Federal Public Defender
for the District of Maryland

| | |
|---|---|
| /s/ Edward Griffin | /s/ Patricia L. Richman |
| EDWARD GRIFFIN, ESQ. No. 16435 | PATRICIA L. RICHMAN, No. 803572 |
| 1226 N. Carolina Ave NE | CYNTHIA FREZZO, No. 817358 |
| Washington, DC 20002 | Assistant Federal Public Defenders |
| (202) 361-5246 | 6411 Ivy Lane, Suite 710 |
| Fax: (888) 367-0383 | Greenbelt, Maryland 20770 |
| Email: griffin@adelphilaw.com | (301) 344-0600 |
| | Fax: (301) 344-0019 |
| | E-mail: patricia_richman@fd.org |
| | cynthia_frezzo@fd.org |
| | |
| | MICHAEL WAALKES, *pro hac vice* |
| | ABIGAIL BURKE, No. 31802 |
| | Kostelanetz LLP |
| | 601 New Jersey Avenue, NW |
| | Suite 260 |
| | Washington, DC 20001 |
| | (202) 875-8000 |
| | Fax: (212) 808-8108 |
| | E-mail: mwaalkes@kostelanetz.com |
| | aburke@kostelanetz.com |
| | |
| *Counsel for Defendant Orin Solomon* | *Counsel for Defendant Marquis Al Bey* |

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.

*/s/ Abigail Burke*
ABIGAIL BURKE
Kostelanetz LLP

*Counsel for Defendant Marquis Al Bey*